**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | |
|---|---|
| ENDRY JOSE LUCENA LLERENA,<br><br>Petitioner,<br><br>vs.<br><br>FACILITY ADMINISTRATOR, et al.,<br><br>Respondents. | No. 26-CV-179-CJW-KEM<br><br>**ORDER** |

---

Petitioner Endry Jose Lucena Llerena's petition for a writ of habeas corpus filed under Title 28, United States Code, Section 2241 is before the Court. (Doc. 1). Respondents filed a response. (Doc. 8). Petitioner filed a reply. (Doc. 13). For the following reasons, the Court **grants** petitioner's petition and **orders** that the immigration court provide him with a bond hearing.

## *I. BACKGROUND*

Petitioner is a citizen of Venezuela. (Doc. 1-1, at 2). On November 12, 2023, he entered the United States at San Ysidro, California. (*Id.*). The Department of Homeland Security ("DHS") served him with a notice to appear, charging him with being an immigrant not in possession of valid immigration documents. (*Id.*; Doc. 11-2); *see* 8 U.S.C. § 1182(a)(7)(A)(i)(I). DHS, however, released him on parole for two years. (Docs. 11-1; Doc. 11-4). That parole expired on November 10, 2025. (Docs. 1-1, at 3; 11-4). At some point, petitioner applied for asylum and withholding of removal. (Doc.

1-1, at 3).[1] In 2025, petitioner received employment authorization, worked, and paid taxes. (Doc. 1-1, at 1, 7–9).

On August 16, 2026, petitioner was arrested on charges of operating while under the influence first offense, open container – driver 21 years old and older, and driving on wrong side of two-way highway. *State v. Lucena Llerena*, OWCR165693, STA0417202 & STA0417203 (Dist. Ct. Linn Cnty. 2026).[2] Those charges remain pending. *Id.*; (Doc. 11-5).[3] The same day, Immigration and Customs Enforcement ("ICE") issued a warrant for petitioner's arrest and petitioner was transferred to ICE custody. (Docs. 11-3; 11-1, at 4).

On August 24, 2026, petitioner filed the instant petition and provided the Court with exhibits. (Docs. 1, 1-1, 2). On September 16, 2026, respondent filed a response and provided the Court with a declaration from Jarrett Venters and Exhibits A, B, C, D, and E. (Docs. 8, 11-1 through 11-6). On September 21, 2026, petitioner filed a reply. (Doc. 13). Petitioner remains detained at the Linn County Correctional Center. (Doc. 1-1, at 4).

## *II. LEGAL STANDARD*

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). Habeas corpus relief is available to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

---

[1] The Court cannot read the date stamp on the document. Likewise, petitioner only included page one of twelve, and thus the Court cannot read the date on other pages.

[2] Iowa state court criminal and civil records may be accessed online at: http://www.iowacourts.gov/For_the_Public/Court_Services/Docket_Records_Search/index.asp. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

[3] Petitioner states that "no criminal charges are pending against him," (Doc. 1, at 5), which is contradicted by the record and the state court docket.

§ 2241(c). The right to challenge the legality of a person's confinement "through a petition for a writ of habeas corpus . . . extends to those persons challenging the lawfulness of immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citing *Presider v. Rodriguez*, 411 U.S. 475, 485 (1973); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); and *Demore v. Kim*, 538 U.S. 510, 517 (2003)). A petitioner bears the burden of proving by a preponderance of the evidence that their detention is unlawful. *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## *III. DISCUSSION*

In his petition, petitioner argues that his "detention without any available custody hearing violates the Due Process Clause of the Fifth Amendment." (Doc. 1, at 5). He also argues that his "detention is governed by 8 U.S.C. § 1226(a), which permits release on bond" and that his warrantless arrest was "in excess of statutory authority[.]" (*Id.*, at 7–8). Respondent argues that "[p]etitioner's detention, mandated by statute, is constitutional." (Doc. 8, at 1). Respondent also argues that *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), forecloses petitioner's statutory argument and that he was arrested by law enforcement officers who observed him commit a public offense, which arrest is permitted under Iowa and federal law. (*Id.*, at 4–5 (citing Iowa Code § 804.7(1)(a); *Virginia v. Moore*, 553 U.S. 164 (2008)). In his reply, petitioner withdraws his second and third arguments, stating that he "acknowledges that *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), controls" and that "Cedar Rapids police officers, and not immigration officers, initially arrested him on August 16, 2026, and that state charges arising from that arrest remain pending." (Doc. 13, at 1–2). Instead, petitioner focuses his argument on the Due Process Clause and this Court's prior rulings, stating that "there is no reason for a different result here[.]" (*Id.*, at 3).

Thus, the Court addresses only petitioner's Due Process Clause argument. This Court has found that a previous release on bond or an alien's own recognizance creates a liberty interest that the government cannot arbitrarily revoke without violating due process. *See, e.g.* Order, *Fuenmayor Bencomo v. Gardner*, No. 26-CV-171 (N.D. Iowa Sept. 10, 2026), Dkt. No. 19; Order, *Soukpessi v. Gardner*, No. 26-CV-164 (N.D. Iowa Aug. 24, 2026), Dkt. No. 13; Order, *Lima Batres v. Woodbury Cnty. Jail*, No. 26-CV-4062 (N.D. Iowa Aug. 21, 2026), Dkt. No. 19; Order, *Fleitas Arana v. Mullin*, No. 26-CV-145 (N.D. Iowa July 23, 2026), Dkt. No. 14; Order, *Cruz Flores v. Whitmore*, No. 26-CV-132 (N.D. Iowa July 9, 2026), Dkt. No. 12; Order, *Mukhamedyarov v. McDaniel*, No. 26-cv-125 (N.D. Iowa June 30, 2026), Dkt. No. 14; Order, *Moreno Medina v. Gardner*, No. 26-CV-115 (N.D. Iowa June 26, 2026), Dkt. No. 14; Order, *Iman Hassan v. Mullin*, No. 26-CV-4044 (N.D. Iowa June 26, 2026), Dkt. No. 15; Order, *De la luz Baez v. Mullin*, No. 26-cv-72 (N.D. Iowa June 2, 2026), Dkt. No. 28; Order, *Martin Martin v. Mullin*, No. 26-cv-92 (N.D. Iowa May 26, 2026), Dkt. No. 14; *Gomez Blanco v. Noem*, No. 26-cv-61 (N.D. Iowa April 28, 2026), Dkt. No. 15; *Muse v. Mullin*, No. 26-cv-4024 (N.D. Iowa April 14, 2026), Dkt. No. 14. The Court found the liberty interest remains even when a grant of parole expires. *See, e.g.*, Order, *Fuemayor Bencomo v. Gardner*, No. 26-CV-171, at *4; Order, *Iman Hassan*, No. 26-CV-4044, at *5–6.

Here, the Court finds that, for the same reasoning as in those cases, petitioner's release on parole in 2023 provided him with a liberty interest that the government cannot revoke without individualized review. For that reason, respondents must provide petitioner with a bond hearing at which the government bears the burden. Thus, the petition is **granted**. (Doc. 1).

## *IV. CONCLUSION*

For those reasons, petitioner's petition for writ of habeas corpus, (Doc. 1), is **granted**. The Court hereby **orders** that within fourteen (14) days of the date of this order respondents provide petitioner an individualized bond hearing before an immigration judge at which the government bears the burden to demonstrate petitioner's dangerousness or flight risk. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED** this 1st day of October, 2026.

C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa